UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ELHADJ SOUARE, | ) | CASE NO: 5:25-cv-00694 |
| | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| DEPARTMENT OF DEVELOPMENTAL | ) | |
| DISABILITIES, *et al.*, | ) | |
| | ) | (Resolves Docs. 19, 22, 29, 39, 49) |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the *Motion to Dismiss* (Doc. 29) filed by Defendant Laura Poundstone and the *Defendants Ohio Department of Developmental Disabilities; The Departments Director; Robert Capaldi; and Jennifer Saxton's Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 39) (collectively, the "Motions"). Plaintiff Elhadj Souare ("Souare") filed oppositions (Docs. 43, 46) to each, and Defendants Department of Developmental Disabilities, Robert Capaldi, and Jennifer Saxton filed an additional reply (Doc. 47).[1][2]

For the reasons stated below, the Motions are GRANTED.

---

[1] The Court notes that there are two motions to amend the complaint pending (Docs. 19, 22). The Court finds that the proposed amended complaints (Docs. 19, 22-1) would not cure the deficiencies raised in the motions to dismiss. As to the additional counts raised in the proposed fourth amended complaint (Doc. 22-1), they contain no factual allegations or even bare recitation of elements necessary. Therefore, the arguments raised in the motions to dismiss would apply to any proposed amendment, and granting leave to amend in this case would not be economical or appropriate. *See Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). The motions to amend (Docs. 19, 22) are accordingly DENIED.

[2] After the reply was filed (Doc. 47), Souare filed an additional Opposition (Doc. 48) that the Court interprets as a sur-reply. The Local Rules do not permit parties to file sur-reply briefs without leave granted for good cause. Souare did not request leave prior to filing, therefore, the *Motion to Strike* (Doc. 49) filed by Defendants Capaldi, Saxton, and the Department is GRANTED.

1

I.      **FACTUAL BACKGROUND**

Souare, an apparent business owner/service provider in the developmental disabilities industry, filed this action against various employees of the State of Ohio and the Department of Developmental Disabilities (the "Department"), following issues regarding his company's licensure. According to the *Second Amended Complaint* (Doc. 14), the Department attempted to revoke or suspend Souare's license to do business without due process and in a retaliatory manner. *Second Am. Compl.* ¶¶ 10–13. Souare alleges violations of due process, equal protection and 42 U.S.C. § 1983. *Id.* ¶¶ 14–17.

Defendants filed the instant Motions for dismissal for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Department and Defendants Saxton and Capaldi additionally advance arguments in support of dismissal for lack of subject matter jurisdiction and lack of service of process.

II.     **LAW AND ANALYSIS**

    a.  **Legal Standard**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. c. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as

one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court need accept only the complaint's well-pled factual allegations as true. *Nwanguma v. Trump*, 903 F.3d 604, 607 (6th Cir. 2018). "[L]egal conclusion[s] couched as factual allegation[s]," on the other hand, "need not be accepted as true." *Id.* (citing *Twombly*, 550 U.S. at 555). After legal conclusions are disregarded, the complaint must set forth facts that "raise a right to relief above the speculative level." *Id.* And, although a *pro se* litigant's pleadings are construed liberally (*Haines v. Kerner*, 404 U.S. 519, 520 (1972)), the Court cannot "conjure up unpleaded facts to support conclusory allegations." *Williams v. Hall*, No. 21-5540, 2022 U.S. App. LEXIS 21004, at *4 (6th Cir. July 27, 2022) (internal citation and quotation marks omitted).

3

b. **Subject Matter Jurisdiction**

As a preliminary matter, the Court must address the challenge to subject matter jurisdiction on the basis that Souare's claims against the Department are barred by the Eleventh Amendment. *See Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) ("Subject matter jurisdiction is always a threshold determination.") Souare sued the Department of Developmental Disabilities and its director in both their individual and official capacities.

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, as to the suit against the Director in his official capacity, this is no different from a suit against the state itself. *Id.* Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties" and the Eleventh Amendment bars these suits unless the State has waived its immunity or Congress has overridden that immunity. *Id.* at 66. An agency or department of the State maintains the same sovereign immunity. *Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 458 (6th Cir. 1982). Section 1983 does not abrogate this immunity (*Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013)) and Ohio has not waived sovereign immunity in federal court. *Mixon v. Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).

Accordingly, Souare's claims as to the Director in their official capacity and the Department as an entity are dismissed for lack of subject matter jurisdiction.

c. **Count One – Violation of Fourteenth Amendment (Due Process)**

In his first claim, Souare briefly asserts the Defendants deprived him of his protected property and liberty interests without notice or an opportunity to be heard. *Second Am. Compl.* ¶ 14.

4

To plead a due process claim, a plaintiff must allege "(1) a life, liberty, or property interest requiring protection under the due process clause, (2) a deprivation of that interest (3) without adequate process." *West v. Ky. Horse Racing Comm'n*, 972 F.3d 881, 890 (6th Cir. 2020) (internal quotation marks and citation omitted). License holders generally have a property interest in their license. *Barry v. Barchi*, 443 U.S. 55, 64 (1979). This may include, for example, a license to practice a profession. *See Bowles v. Macomb Cmty. Coll.*, 558 F.Supp. 3d 539, 549 (E.D. Mich. 2021).

Souare's conclusory allegations related to Count One do nothing more than restate the elements necessary for his claim, without providing detail as to how the individual facts of his case support those elements. However, one of his factual allegations provides that he is "a licensed provider of developmental disability services in Ohio." *Second Am. Compl.* ¶ 9. Therefore, the Court will construe this allegation liberally and interpret the property interest here as one in Souare's alleged professional license. However, Souare's claim fails on the second element, which requires him to plead a deprivation of his property interest. Not only does Souare again fail to provide detail, the only "deprivation" he appears to allege is an 'attempt to revoke or suspend [his] license.' *Second Am. Compl.* ¶ 10. An attempt to revoke is not a deprivation of rights. Therefore, Souare has not adequately pled a due process violation. To the extent that Souare attempts to remedy his pleading errors in his responses (Docs. 43, 46), this attempt to cure deficiencies is not permissible. *Bates v. Green Farms Condo Ass'n.*, 958 F.3d 470, 483–84 (6th Cir. 2020) ("If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is either not a complaint or an amendment to a complaint.")

Accordingly, the Motions are granted with respect to Count One.

### d. Count Two – Violation of Fourteenth Amendment (Equal Protection)

In his second claim, Souare again makes a conclusory allegation that Defendants selectively enforced rules or targeted him in a discriminatory and arbitrary manner. *Second Am. Compl.* ¶ 16.

The Fourteenth Amendment also prohibits a government entity from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. To adequately state an equal protection claim, a plaintiff must plead that the "government treated them disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011). The threshold element is disparate treatment. *Id.* (internal citation omitted).

Like Count One, Souare's allegations in Count Two are extremely limited and claim only "Defendants selectively enforced rules or targeted Plaintiff in a discriminatory and arbitrary manner." *Second Am. Compl.* ¶ 16. He provides no other facts or allegations to support a theory of disparate treatment and therefore has not adequately pled an equal protection claim. Again, to the extent that Souare attempts to remedy his pleading errors in his responses (Docs. 43, 46), this attempt to cure deficiencies is not permissible. *Bates,* 958 F.3d at 483–84.

The Motions are granted with respect to Count Two.

### e. Count Three – Violation of 42 U.S.C. § 1983

Souare's last claim consists of the threadbare conclusion that the Defendants, acting under state law, deprived him of his constitutional rights. *Second Am. Compl.* ¶ 17.

Defendants Capaldi, Saxton, and the Department correctly note that that 42 U.S.C. § 1983 is the vehicle to bring the constitutional claims. Doc. 39 at 21. To bring this claim, "a plaintiff

6

must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020) (internal citation and quotation marks omitted).

Under Count Three, Souare makes a conclusory statement that defendants "acted under color of state law" when depriving him of his constitutional rights. *Second Am. Compl.* ¶ 17. Here, Count Three is duplicative of Counts One and Two as the underlying bases for these claims arise under the due process and equal protection clauses of the Fourteenth Amendment, as addressed above. Accordingly, no separate claim was made here and Souare has not sufficiently pled a section 1983 claim.

The Motions are granted with respect to Count Three.

## III. CONCLUSION

For the foregoing reasons, Defendant Laura Poundstone's *Motion to Dismiss* (Doc. 29) and the *Defendants Ohio Department of Developmental Disabilities; The Departments Director; Robert Capaldi; and Jennifer Saxton's Motion to Dismiss Plaintiff's Second Amended Complaint* (Doc. 39) are GRANTED and Souare's claims are DISMISSED. In light of this dismissal, the Court need not address the merits of any other remaining pending motion in the case, which will be terminated upon the closing of the case.

Further, pursuant to 28 U.S.C § 1915(a)(3), the Court certifies that Souare may not take an appeal from the Court's decision in good faith.

IT IS SO ORDERED.

November 10, 2025                                         */s/ Judge John R. Adams*
Date                                                         JUDGE JOHN R. ADAMS
                                                             UNITED STATES DISTRICT COURT