**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ELHADJ SOUARE, | ) | CASE NO. 5:25CV694 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DEPARTMENT OF DEVELOPMENTAL | ) | |
| DISABILITIES, | ) | |
| | ) | |
| Defendant. | ) | |

On November 10, 2025, this Court dismissed Plaintiff Elhadj Souare's complaint concluding that some of his claims were barred by the Eleventh Amendment and that his remaining allegations failed to state a claim. Doc. 64. Since that time, Souare has moved to alter that judgment (Doc. 66), moved to supplement his motion to alter judgment (Doc. 67), moved for relief from judgment (Doc. 68), moved for sanctions (Doc. 72), moved for summary judgment (Doc. 73), moved for clarification (Doc. 79), moved for judicial notice (Doc. 80), and moved for status of pending motions (Doc. 82). Defendants have opposed Souare's substantive motions (Doc. 78), and Souare has replied (Doc. 80). The Court now resolves the motions.

Souare first moves to alter judgment under Fed.R. Civ. P. 59. Souare's motion consists of 13 numbered paragraphs followed by a handwritten paragraph that concludes with seven case citations. Souare's numbered paragraphs appear to be summary statements suggesting legal and factual error. To the extent that Souare claims factual error, this Court never engaged in fact finding. Instead, the Court reviewed Souare's *own* factual allegations and found them insufficient to state a viable cause of action. Accordingly, there can be no factual error that can support amending the Court's judgment. Similarly, Souare's conclusory statements that legal error

occurred contain no substantive argument and thus cannot support relief.  The motion to amend is DENIED.

Souare's motion to supplement the motion to amend is DENIED.  Souare seeks through his motion to introduce alleged evidence of his damages and a response to a public records request.  Neither of those documents have any bearing on his motion to amend judgment.  Accordingly, the request is DENIED.

Souare next moves under Fed.R. Civ.P. 60(b) to vacate the Court's judgment.  Souare's argument appears to focus upon his belief that he has newly discovered evidence and/or that Defendants committed some type of fraud on the Court.  Souare's "newly discovered" evidence appears to consist of the administrative record from his administrative appeal.  However, it is undisputed that Souare had *factual knowledge* of the contents of that record throughout these proceedings and wholly failed to include any factual allegations related to that record in his complaint or subsequent amendments.  Accordingly, the contents of the administrative record cannot be considered newly discovered.

Souare then asserts that Defendants made misrepresentations to the Court.  However, as detailed above, this matter was dismissed utilized a Fed.R. Civ.P. 12(b) standard.  As such, the factual allegations in the operative pleading were considered to be true.  The Court accepted no factual assertions from Defendants, so it follows that no fraud or misrepresentation can be found.  Souare's motion to vacate judgment is DENIED.

Souare has also moved for sanctions against Defendants.  Souare contends that Defendants made numerous false statements and fabricated evidence in the administrative record of his state court proceedings.  That record, however, was never properly before this Court.  As such, it cannot form the basis of a request for sanctions.  Moreover, to the extent that Souare contends that those

alleged misstatements were contained in pleadings before this Court, he again ignores that this Court relied solely on his factual allegations when dismissed this suit. As such, the Court finds no legal basis to award sanctions.

Souare has also moved for summary judgment. As this matter was previously dismissed, his motion for summary judgment is DENIED as there no existing complaint upon which to seek summary judgment.

Souare next seeks clarification from the Court on the "expectations applicable to self-represented litigants." Doc. 79 at 1. The motion is DENIED. As was explained to Souare in another of his matters, Souare is expected to follow proper procedures just as a licensed attorney would. While the Cour has consistently liberally construed his pleadings as required for a pro se litigant, it does not alter his responsibilities to follow the civil and local rules.

Souare next asks that the Court take judicial notice. It appears that Souare seeks to have the Court take judicial notice of the certified administrative record from his state court proceedings. As Souare has filed that record with this Court and it does not alter the Court's conclusion, the Court finds no reason to take judicial notice of that record. Accordingly, the motion is DENIED.

As this Court has resolved each of Souare's pending motions, his final request for a status of those motion is also DENIED.

IT IS SO ORDERED.


Date: August 12, 2026                    ___/s/ John R. Adams_____
                                         JOHN R. ADAMS
                                         UNITED STATES DISTRICT JUDGE